DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lawrence County Court of Common Pleas, which denied Defendant-Appellant Brandi Hope Massie's request for a homestead exemption pursuant to R.C. 2329.66. Appellant argues that the trial court erred in determining her property interest as of the time that appellee filed his complaint in the case sub judice, rather than as of the time that the trial court disposed of the proceeds from the sale of the subject property. While we agree that the trial court applied an inappropriate standard, we also disagree with the standard set forth by appellant. Accordingly, we reverse the judgment of the trial court and remand for further proceedings.
STATEMENT OF THE CASE
The instant case originated in 1993 from a suit filed by Plaintiff-Appellee David Adkins against appellant and others, which alleged fraud in the course of a real estate transaction. In 1995, appellee obtained default judgments totaling $21,681 against the defendants in the original action.
On November 1, 1993, shortly after appellee had filed his complaint in the fraud case, appellant transferred a parcel of real estate that she owned in Waterloo, Lawrence County, Ohio ("the Waterloo property"), to her cousin, Michael R. Long. The Waterloo property is a tract of land consisting of approximately forty acres. There is a house located on the property which appellant's mother, brother, and cousin have occupied at various times. Appellant and her husband also have resided there from time to time, although they have rented apartments elsewhere on occasion to be nearer their places of employment.
On October 23, 1995, appellee filed his complaint in the instant case to set aside appellant's transfer of the Waterloo property to Long, and to marshal liens on the property. Appellee's complaint alleged that appellant had transferred the property to Long without consideration, in order to avoid the claims of her creditors. Appellee requested that the trial court set aside the transfer of the Waterloo property, order the property sold, and satisfy his judgment from the sale proceeds.
Appellee's claim to set aside the transfer of the Waterloo property was tried to a magistrate on July 29, 1996. The magistrate recommended that appellee's claim be denied. Appellee filed objections and exceptions to the magistrate's report. On October 7, 1996, the trial court rejected the magistrate's recommendations, and ordered appellant's transfer of the Waterloo property to Long set aside.
It appears from the record that the case lay dormant for more than a year following the trial court's decision to set aside the transfer of the Waterloo property. Then, on February 17, 1998, appellant filed for bankruptcy, automatically staying any further action by appellee to execute on his judgment. On that same day, appellant transferred a one-half interest in the Waterloo property to her husband, Kenneth M. Kelly.
The bankruptcy court subsequently released the property from the automatic stay. On October 27, 1998, appellee filed an alias praecipe, which requested an order from the Lawrence County Clerk of Courts directing the Lawrence County Sheriff to sell the property in satisfaction of appellee's judgment. Under authority of an order of sale issued by the Clerk of Courts, the sheriff proceeded to auction the property, with appellee being the highest bidder.
On March 30, 1999, appellant and her husband filed a motion requesting that the trial court set aside $10,000 from the sale proceeds to cover their combined rights to a homestead exemption pursuant to R.C.2329.66(A)(1). The trial court held a hearing on this motion on May 19, 1999, at which time appellant's husband withdrew his claim for an exemption. On May 21, 1999, the trial court issued its decision, finding that appellant did not reside on the Waterloo property on the date appellee filed his complaint and, therefore, she was not entitled to claim a homestead exemption on this real estate.
On June 23, 1999, the trial court filed a judgment entry confirming the sale of the property and ordering the sheriff to issue a deed transferring the property to appellee. On July 2, 1999, the trial court filed an amended judgment entry, adding its denial of appellant's request for a homestead exemption. Appellant filed a timely notice of appeal and presents one assignment of error for our review.
ASSIGNMENT OF ERROR:
 THE COURT ERRED IN NOT GRANTING THE DEFENDANT A HOMESTEAD EXEMPTION PURSUANT TO OHIO REVISED CODE § 2329.66 BY FINDING THAT THE DEFENDANT COULD NOT CLAIM THE EXEMPTION SINCE SHE WAS NOT RESIDING IN THE RESIDENCE WHEN THE SUIT WAS COMMENCED.
In her sole assignment of error, appellant argues that the trial court erred in denying her request for a homestead exemption. The trial court found that appellant could not claim a homestead exemption because she was not using the Waterloo property as her residence at the time that appellee filed his complaint. Appellant argues that, under Niehaus v.Faul (1885), 43 Ohio St. 63, 1 N.E. 87, her right to a homestead exemption should be determined as of the date that the trial court finally disposes of the proceeds from the sale of the property.
Appellant's argument involves mixed questions of law and fact. To the extent that the trial court's judgment is based on findings of fact, we apply a manifest weight of the evidence standard of review. See Warwickv. Warwick (Feb. 25, 2000), Ross App. No. 98CA2403, unreported. We will not reverse a judgment as being against the manifest weight of the evidence so long as it is supported by some competent, credible evidence. See C.E. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. However, we will review questions of law de novo. See Warwick. In conducting our review, we are mindful that exemption statutes should be liberally construed in favor of a debtor claiming homestead rights. See Sears v. Hanks (1863),14 Ohio St. 298.
Appellant's reliance on Niehaus is misplaced. Niehaus dealt with the right of a debtor to claim an allowance in lieu of a homestead, which was an exemption granted by former R.S. 5441 to the head of a family who didnot own a homestead. The Niehaus Court analyzed a different type of exemption under a different statutory scheme than the exemption claimed by appellant. Niehaus is inapplicable to the case sub judice, because we must determine appellant's right to a homestead exemption in accordance with the current statutory language.
Appellant claims a homestead exemption under R.C. 2329.66(A), which provides:
 (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
* * *
 (1)(b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.
R.C. 2329.66(A)(1)(b).
A homestead exemption is not effective until there is an involuntary execution that subjects the property to judicial sale. See In re Dixon
(C.A.6, 1989), 885 F.2d 327. In other words, the debtor's right to exercise the homestead exemption is determined as of the date of execution, garnishment, attachment, or sale of the subject property. SeeMeadow Wind Health Care Center, Inc. v. McInnes (July 24, 2000), Stark App. No. 1999CA00338, unreported.
The trial court found that appellant was not using the Waterloo property as a residence as of October 3, 1995, the date that appellee filed his complaint. Appellant's residence is a factual question, and we are inclined to defer to the trial court's determination of this issue. However, the trial court applied an incorrect legal standard, as the mere filing of a complaint in execution of judgment is not one of the events which invokes a debtor's right to exercise a homestead exemption under R.C. 2329.66.
Given that the court below applied an incorrect standard for determining appellant's interest in the Waterloo property, we find it appropriate to remand the case for a determination of appellant's right to claim the homestead exemption under R.C. 2329.66(A). The trial court, as the trier of fact, is better suited than is this court to weigh the evidence and make the necessary factual findings to determine whether or not appellant has established her right to claim a homestead exemption on this property.
Accordingly, appellant's sole assignment of error is SUSTAINED. The judgment of the Lawrence County Court of Common Pleas is REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED for further proceedings not inconsistent with this opinion. It is further ordered that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Kline, J. Concur in Judgment Only.